CHIEF JUSTICE ROBERTSON
delivered the opinion oe the court.
A legislative act of 1833 chartered a turnpike road from Louisville to the southern state line, to connect with a road thence to Nashville; and, after prescribing the mode of construction and time of completion, the charter reserved to the legislature power to revoke or modify any part of it. Long after the expiration of the time for completi'on as prescribed, and more than once prolonged, portions of the road in different sections, into which it had been subdivided with legislative sanction, were still unfinished, and that part of it between Franklin, in Simpson County, and the Tennessee line, which had once been only graded, had become so dilapidated as to be useless for travel and worthless to the state, without yielding any tollage for many years. For facilitating a work so long neglected by the directory of that section, an act was passed in 1868 transferring the management of the road in Simpson County to its county court.
Under that authority the county court, assuming the custody and control of the road so intrusted to it, built a necessary bridge, and had done some other work on the road, when the appellees, as president and directors of that section, brought this suit enjoining the county court from proceeding further, and seeking a restoration of the management to themselves on the alleged ground that the transfer was unconstitutional and void, and the county court therefore a wrongful intruder. On a full traverse and much proof the circuit court perpetuated the injunction, and this appeal urges a reversal.
The pleadings and testimony established facts sufficient to justify the legislative transfer; and the power being reserved, the exercise of it in this instance is no impairment of the obligation of the contract.
Nor can this court adjudge that the transfer is inconsistent with the fundamental guaranty of the sinking fund to which this road is dedicated by law. The county court, as manager, *355 will assure as much to the sinking fund as the recusant directory, and be as subject to legislative control in its management. This portion of the road has never yielded a cent to the sinking fund, nor ever can unless finished and well managed; and the state’s interest in that fund was alone a sufficient motive for the transfer, and sustains its constitutionality.
Wherefore the judgment of the circuit court perpetuating the injunction is reversed, and the cause remanded with instructions to dissolve the injunction and dismiss the petition, which will leave the appellees with their franchise unrevoked, but subject only to the superintendence and management of appellant.